UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SACRAMENTO,<br><br>    Plaintiff,<br><br>  v.<br><br>DANIEL J. ALTSTATT,<br><br>    Defendant. | No. 2:17-cv-2029 JAM DB PS<br><br><br>ORDER TO SHOW CAUSE |

  Defendant Daniel Altstatt is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On September 29, 2017, defendant filed a notice of removal of this action from the Sacramento County Superior Court and paid the required filing fee. (ECF No. 1.) In the Superior Court action, plaintiff City of Sacramento has obtained an order permitting the inspection of real property based upon reasonable belief that the property is in violation of multiple Sacramento City Code provisions. (ECF No. 1-1.) Defendant argues that plaintiff is violating his constitutional rights. (ECF No. 1 at 2.)

  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375,

1

377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

////

Here, defendant is attempting to remove an "INSPECTION WARRANT FOR PURPOSES OF ABATEMENT; FORCIBLE ENTRY; AND INSPECTION IN ABSENCE OF OWNER OR OCCUPANT AUTHORIZED." (ECF No. 1-1.) In this regard, although defendant asserts that plaintiff has violated his rights under "the Fourth Amendment" it appears that plaintiff's complaint concerns only a state law municipal code enforcement matter. (ECF No. 1 at 2.) Moreover, it is readily apparent that diversity jurisdiction is lacking.

Accordingly, IT IS HEREBY ORDERED that within twenty-one days of the date of this order defendant shall show cause in writing as to why this action should not be remanded back to the Sacramento County Superior Court due to a lack of subject matter jurisdiction.

Dated: October 5, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\sacramento2029.jx.osc