UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF SACRAMENTO,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL J. ALTSTATT,<br><br>    Defendant. | No. 2:17-cv-2029 JAM DB PS<br><br>ORDER AND<br>FINDINGS AND RECOMMENDATIONS |

Defendant Daniel Altstatt is proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On September 29, 2017, defendant removed this action from the Sacramento County Superior Court. (ECF No. 1.) This action concerns the enforcement of multiple Sacramento City Code provisions. On October 6, 2017, the undersigned issued an order to show cause, ordering defendant to show cause as to why this action should not be remanded due to a lack of subject matter jurisdiction. (ECF No. 3.)

On October 26, 2017, November 7, 2017, December 26, 2017, and April 4, 2018, defendant filed responses to the October 6, 2017 order.[1] (ECF Nos. 4-8.) On April 4, 2018, defendant filed a motion to consolidate this action with two later filed actions. (ECF No. 9.)

---

[1] Those responses fail to provide the court with subject matter jurisdiction over this action.

1

I. <u>Jurisdiction</u>

Jurisdiction is a threshold inquiry that precedes the adjudication of any case before the district court. <u>Morongo Band of Mission Indians v. Cal. State Bd. of Equalization</u>, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." <u>Grupo Dataflux v. Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See <u>Morongo</u>, 858 F.2d at 1380.

The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which confer "federal question" and "diversity" jurisdiction, respectively. Federal jurisdiction may also be conferred by federal statutes regulating specific subject matter. "[T]he existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." <u>ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality</u>, 213 F.3d 1108, 1113 (9th Cir. 2000).

District courts have diversity jurisdiction only over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332. "To demonstrate citizenship for diversity purposes a party must (a) be

a citizen of the United States, and (b) be domiciled in a state of the United States." Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Here, defendant's notice of removal asserts that this court "has original jurisdiction over this action pursuant to 28 U.S.C. § 1333." (Rem. Not. (ECF No. 1) at 3.) 28 U.S.C. § 1333, however, provides district courts with original jurisdiction over actions concerning admiralty or maritime jurisdiction or "[a]ny prize brought into the United States and all proceedings for the condemnation of property taken as a prize." Defendant here is attempting to remove an inspection warrant obtained by plaintiff after a state court judge found reasonable cause to believe defendant's real property violated provisions of the Sacramento City Code. (Ex. A (ECF No. 1-1) at 1.)

In this regard, this action does not concern admiralty, maritime jurisdiction, or a prize brought into the United States. Defendant's notice of removal does allege violations of federal statutes and "the Fourth Amendment to the Constitution of the United States of America." (Rem. Not. (ECF No. 1) at 2.) However, "the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (quotation omitted).

For the reasons stated above, the undersigned finds that the defendant has failed to meet the burden of establishing a basis for federal jurisdiction over this action.

II.     Motion to Consolidate

Motions to consolidate are governed by Rule 42 of the Federal Rules of Civil Procedure ("Rule"). In relevant part, Rule 42 provides that if "actions before the court involve a common question of law or fact" then "the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "The district court has broad discretion [ ] to consolidate cases pending in the same district." Inv'rs Research Co. v. U.S. Dist. Court for Cent. Dist. of California, 877 F.2d 777, 777

(9th Cir. 1989).

The court, in analyzing whether to grant the motion to consolidate, "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984). Consolidation is not appropriate where it results in "inefficiency, inconvenience, or unfair prejudice to a party." E.E.O.C. v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(b)).

Here, defendant seeks to consolidate this action with two other cases: No. 2:18-0150 JAM AC PS and No. 2:18-cv-0333 MCE GGH PS. In case No. 2:18-cv-0150 JAM AC, the assigned Magistrate Judge denied an identical motion to consolidate, stating:

> . . . upon review of the allegedly related cases (2:18-cv-00333-MCE-GGH and 2:17-cv-02029-JAM-DB) the undersigned finds no reason for consolidation. Each of the allegedly related cases was removed by plaintiffs from state court and motions to remand are pending in each. There is no indication that the issues in each of these cases are intertwined such that the separate resolution of each case would lead to inconsistent judgments.

(No. 2:18-cv-0150 JAM AC PS, May 18, 2018 Amended Order and Findings and Recommendations).

The undersigned finds this reasoning persuasive and adopts it in this case. Moreover, as noted above the undersigned will recommend that this action be summarily remanded based on a lack of jurisdiction. Accordingly, at this time, defendant's motion to consolidate will be denied without prejudice to renewal.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that defendant's April 4, 2018 motion to consolidate (ECF No. 9) is denied without prejudice to renewal.[2]

IT IS ALSO HEREBY RECOMMENDED that this action be summarily remanded to the Sacramento County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge

---

[2] In this regard, in the event the assigned District Judge does not adopt these findings and recommendation and this action is not remanded to the Sacramento County Superior Court, defendant may bring a renewed motion to consolidate.

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 22, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\sacramento2029.remand.f&rs